DAVID M. JIMMERSON, PLAINTIFF IN ERROR, V. ROBERT W. GREENE, DEFENDANT IN ERROR.

1. **Replevin:** WHAT INTEREST PLAINTIFF MUST HAVE IN THE PROPERTY. To maintain this action the plaintiff must show such an interest as entitles him to the immediate possession of the property claimed.

2. ――――: ――――. The surety on the undertaking given by the plaintiff, as such, has no legal interest in the property replevied; nor can he maintain an action of replevin against one wrongfully dispossessing such plaintiff of the property.

ERROR to the district court for Saline county. Heard upon a demurrer to the petition before WEAVER, J., who sustained the demurrer and entered judgment dismissing the case.

*M. H. Sessions* and *J. H. Grimm,* for plaintiff in error, cited *Burrows v. Stoddard,* 3 Conn., 160. *Clark v. Skinner,* 20 Johns., 465. *Hartwell v. Bissell,* 17 Johns., 128. *Miller v. Adsit,* 16 Wend., 335. *Poole v. Symonds,* 1 N. H., 289. Story on Bail, §§ 94, 105. *Selleck v. Phelps,* 11 Wis., 380. *Acker v. White,* 25 Wend., 613. *Thayer v. Hutchinson,* 13 Vt., 504. *Hunt v. Robinson,* 11 Cal., 262. *Crittenden v. Lingle,* 14 Ohio State, 182. *Smith v. McGregor,* 10 Ohio State, 461.

*Hastings & McGintie,* for defendant in error, cited *Walpole v. Smith,* 4 Blackf., 304. *Wheeler v. Train,* 3 Pickering, 254. *Waterman v. Robinson,* 5 Mass., 63. *McCurdy v. Brown,* 1 Duer, 101. *Noble v. Epperly,* 6 Indiana, 415. *Marienthal v. Shafer,* 6 Iowa, 223. *Pattison v. Adams,* 7 Hill, 126. *Wheeler v. Allen,* 51 N. Y., 37. *Wood v. Orser,* 25 N. Y., 348. *Gillerson v. Mansur,* 45 Maine, 25. *Becknith v. Philleo,* 15 Wis., 223. Property that has been replevied and delivered to

plaintiff is not in the custody of the law.  *Hagan v. Deuell*, 24 Ark., 216.  *Kayser v. Bauer*, 5 Kansas, 202.

LAKE, J.

This was an action of replevin, and the question for our consideration is whether the demurrer to the petition was properly sustained.

To maintain this action the plaintiff must show such an interest as entitles him to the immediate possession of the property claimed.  Does the plaintiff show such an interest?  We think not.  His only claim to the property as declared in his petition is based upon the fact that he was a surety on a replevin bond in an action brought by Samuel E. Wilson against Harvey Macklin, in which this identical property was taken and delivered to said Wilson, from whose possession it was taken by the defendant herein.

By the replevin proceeding against Macklin, Wilson became possessed of the goods, and there is no allegation from which it can be inferred that he at any time transferred that interest, or any right whatever in the property, to the plaintiff in error.  The petition, if true, shows most clearly that Wilson, the person to whom the property was delivered upon the execution of the undertaking, was the only one entitled to its possession, or who had the right to complain of the defendant's interference with it.  The simple fact that the plaintiff was surety for Wilson on the undertaking gave him no legal interest in or control over the property.  If Wilson had put it into his possession to hold as security for going upon the undertaking the case would have been very different.  That would have given him an interest, to protect which he could have resorted to this action.

We have been referred to several authorities which were supposed to sustain the plaintiff's view of this

case, but they fall far short of doing so. These are cases wherein receiptors of goods taken in attachment, or on execution, have been held to have such an interest therein as will support the action against persons wrongfully interfering with their possession.

But a receiptor of goods occupies a situation very different from that of the plaintiff in this case. His title for the time being is as valid as that of the officer from whom he receives it, and he can hold the property as against all persons who cannot show a better one.

There is no error in the record, and the judgment of the court below is affirmed.

JUDGMENT AFFIRMED.