CORDELIA R. SNELL v. JOHN RICKETTS.

[FILED JANUARY 28, 1890.]

1. **Replevin**: RIGHT OF POSSESSION ESSENTIAL. In order to maintain an action of replevin, the plaintiff must show such an interest in the property claimed as entitles him to its immediate possession.

2. **Landlord and Tenant**: LIEN. Where a tenant agrees to deliver to his landlord, as rent, a specified number of bushels of corn for each acre planted, and there is no agreement that the rent shall be paid out of the corn to be raised by the tenant, *held*, that the landlord has no lien upon the corn raised on the leased premises, and cannot maintain replevin against the tenant for any portion of such corn.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

*Maule & Sloan,* for plaintiff in error.

*John Barsby, contra.*

NORVAL, J.

This is an action of replevin brought by plaintiff in error, to recover possession of 750 bushels of corn claimed as rent due her for the use of sixty acres of land farmed

by the defendant Ricketts in the year 1887.   The contract of rental was a written one, and contains this clause: "And the said party of the second part, in consideration of the leasing of the premises as above set forth, covenants and agrees with the party of the first part to pay the said party of the first part, as rent for the same, twelve bushels of corn for each acre of corn planted on said land in the year 1887, said corn to be delivered at the residence of said first party, or at such place in the city of Fairmont as the first party may direct, on or before the 25th day of December, 1887."

The evidence shows that sixty acres were planted to corn, that part of the corn replevied had been gathered and placed in the crib of the defendant Schultz, and the remainder was on the leased premises.   No corn having been delivered to plaintiff in payment of the rent, suit was brought October 31, 1887.   The findings and judgment of the district court were for the defendants.

It will be seen that the above quoted provision of the lease does not suggest that the plaintiff's rent should be paid from corn raised on the farm by the tenant.   Another clause of the lease does provide that a share of the identical oats raised on the place should be delivered to the plaintiff as rent for the ground sowed to that crop.   Had Ricketts failed to raise any corn, the plaintiff could have maintained an action against him for the value of the twelve bushels of corn for each acre planted.   Under the lease the plaintiff in error had no interest in the corn replevied.   Ricketts could have bought good merchantable corn and tendered it to the plaintiff in error before December 25, 1887, and she would have been compelled to have received it.   In any view of the case Ricketts had until that date to deliver the corn, and the plaintiff could not maintain replevin prior to the date fixed for the delivery of the corn. To maintain replevin, the plaintiff must show that he is entitled to the *immediate* possession of the property claimed.

(*Jimmerson v. Green*, 7 Neb., 26; *Haggard v. Wallen*, 6 Id., 271.)

It follows from what has been already said that the trial court did not err in excluding plaintiff's offered testimony. We find no error in the record, and therefore affirm the judgment.

JUDGMENT AFFIRMED.

THE other judges concur.